Ohio Pub. Serv. Co. v. State_____18784
P., C. C. & St. L. Ry. v. Kilpatrick_____18785
Third Presb. Cong., In re_____18783

### Sept. 24.

18783—In the matter of the petition of the Trustees of the Third Presbyterian Congregation of Chillicothe; motion to direct Ross Appeals to certify record. Lyle S. Evans, Chillicothe, for Richard Enderlin and Third Presbyterian Congregation; Wilson & Morrow, Hillsboro, and J. D. Withgott, Chillicothe, for Chillicothe Presbyterian Church.

### Sept. 26

18784—Ohio Public Service Co. v. State of Ohio ex rel Joseph O. Fritz, Prosecuting Attorney; error to the Wayne Appeals. Franklin L. Maier, Massillon, and C. H. Henkel, Mansfield, for plaintiff; Jos. O. Fritz, Pros. Atty., Wooster, for defendant.

### Sept. 27

18785—Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Charles E. Kilpatrick, Administrator of the Estate of Margaret Kilpatrick, decd.; motion to direct Montgomery Appeals to certify record. Mathews & Mathews, Dayton, for plaintiff; F. S. Monnett, Columbus, J. L. Holderman and Mattern, Brumbaugh & Mattern, Dayton, for defendant.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 609

OAKLEY LUMBER CO. v. J. L. SLONE and LENA DECKER

No. 18761. Supreme Court

Pending on motion to order Hamilton Appeals to certify record. Docketed Aug. 16, 1924. 2 Abs. 516.

755. MECHANICS' LIEN—Materials furnished to another to finish a job, after abandonment of job by original contractor.

Lena Decker entered into a contract with Joseph L. Slone to erect for her a dwelling on her lot in Cincinnati for $ $7,200. Slone gave the contract for the lumber and mill work to the Oakley Lumber Co. for $1653. Mrs. Deck-er, as the work progressed, paid to Slone all but $2400. In May, 1923, when the building was well nigh completed, Slone abandoned the job, but the fact was not made known to the Lumber Co. Mrs. Decker then employed one Wintersohle, to complete the house. The Lumber Co. carried the Slone contract on their books. The last delivery under this contract was delivered to Wintersohle, July 3, 1923. He took the material with him to the Decker house, and it was charged to the Slone contract, and with it was carried a delivery ticket stating it was for the Slone job.

July 17, 1923, the Lumber Co. filed with the recorder of Hamilton county an affidavit for a mechanics' lien as required by 8314 GC. for $1116. In September, 1923, it began an action against Decker and Slone, and other lien holders in the Hamilton Common Pleas to foreclose its lien. Mrs. Decker answered denying that any materials were furnished by the Lumber Co. in the erection of the dwelling house on order of Slone, within 60 days prior to July 17, 1923, and avering that Slone abandoned the erection of the house, on or about May 1, 1923, and she was obliged to employ other contractors to complete the same, and because of such fact, the mechanics' lien is without force and effect. The Common Pleas found the amount due the Lumber Co. from Slone was $945.96 with interest, but found the mechanics' lien to be without force and effect, and ordered the clerk of court to cancel the same upon the records. No statement under oath as required by 8312 GC. by the original contractor to the owners when desiring to draw money on the job, was made.

An appeal from this judgment was taken to the Hamilton Appeals, which entered a judgment finding that the lien was invalid and remanded the case to the Common Pleas for execution.

Attorneys—Kelley & Remke, for Lumber Co.; Phineas Phillips, for Slone and Decker; all of Cincinnati.

### No. 610

OLGA M. HERMAN v. MEYER TEPLETZ

No. 18688. Supreme Court

Pending on motion to direct Cuyahoga Appeals to certify record. Docketed July 5, 1924. 2 Abs. 436.

1063. SALES—Does the rule of caveat emptor apply in Ohio to sales of real estate?

Tepletz brought action in the Cuyahoga Common Pleas against Herman for deceit in the sale of real estate in Cleveland, the claim being made that she represented that the lot was 173 feet in depth from the sidewalk line, when in fact it was only that depth from the center of the street upon which it fronted. The question presented is whether the rule of caveat emptor applies at all in Ohio sales of real estate.

The record shows that Tepletz was an experienced business man, buying and improving sites for apartment houses, and that Herman was a young woman school teacher, in the primary grades of the public schools, and had been for 10 or more years previous.

A large amount of testimony was given before the trial court to the effect that Tepletz approached Miss H. to buy the lot. That a contract of sale was made by the escrow department of the Cleveland Trust Co., which described the lot as "approximately 500x173 feet." That before the contract was signed, he had been on the property at least three or four times—had walked over the lot with an assistant; that there was a dwelling upon it and a fence at the rear-end of the lot, which was the line.

The deed which she gave for the lot described it as being measured from the center of the street, and the original deed to her and abstract of the premises which she gave to him, so described the lot and all the lots in the neighborhood were thus bounded.

Her testimony was that she told him the depth of the lot as described in her deed and nothing was said as to the starting point, and when she told him he was standing on the lot, having just walked over and around it. That he could have paced it off, and that the use of his eyes would have told him that the distance from the street line was less than 173 feet. No effort was made to deceive him.

Several instructions to jury were asked by her—upon the question of the duty of the buyer of property to use his eyes and ascertain whether the representations of the seller were false, and in regard to the application of the rule of caveat emptor, which were overruled. The court charged the jury in substance:

If the plaintiff was induced to buy and pay for the lot by false pretenses made to him by Herman, in reference to the depth of the lot . . . and they were of such a nature as to affect the character, utility and value of the property, and suffered damage by reason thereof, he may recover in the action, and it is not necessary that she knew the representations to be false or made with intent to deceive him.

Tepletz recovered a verdict of $4,000, which the trial court cut to $2,000 with consent of Herman. The Court of Appeals affirmed this, one judge dissenting.

Attorneys—Fackler & Morgan, for Herman; J. C. Cline, for Tepletz; all of Cleveland.